[Crim. No. 608.  Second Appellate District.—July 27, 1918.]

## THE PEOPLE, Respondent, v. F. S. HARTWELL, Appellant.

Criminal Law—Commission of Lewd Acts upon Child—Accusatory Statements of Wife of Defendant—Failure to Make Reply—Erroneous Admission in Evidence.—In a prosecution for the offense defined in section 288 of the Penal Code, the admission in evidence, over defendant's objection, of the testimony of an officer as to what transpired on the occasion of a visit made by defendant to his home was error where such testimony was to the effect that the defendant's wife told the defendant that he had "been warned about this thing before" and that she did "not believe in this thing of ruining young girls," and the defendant made no reply thereto other than saying that "this is not any place to discuss that."

Id.—Silence of Accused in Presence of Accusations—Rule as to Admissibility.—Statements of third parties made to or in the presence of one charged with the commission of a crime and tending to connect him therewith are admitted, not as of themselves constituting evidence of the facts stated, but to show what it is that calls for a reply; and where the statement is such that under the circumstances the accused, if innocent, should repudiate it, his remaining mute will constitute evidence of his admission of the truth of the statement made.

Id.—Warning of Accused — Admission — Insufficient Evidence of Lascivious Nature.—In such a prosecution, admissions of the accused that he had been warned is not, in the absence of evidence showing reason or occasion therefor, evidence tending to prove that defendant was of a lascivious nature, or that he had theretofore indulged in such acts.

Id.—Erroneous Admissions of Accusatory Statements—Argument of District Attorney—Prejudicial Error.—In such a prosecu-

tion, the erroneous admission of accusatory statements of the wife .of the defendant was prejudicial where the district attorney laid great stress on the statements in his argument.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell, for Respondent.

SHAW, J.—Upon an information charging him therewith, defendant was convicted of the offense defined in section 288 of the Penal Code.

On his appeal prosecuted from the judgment and an order denying his motion for a new trial, numerous alleged errors are argued in support of a reversal, only one of which, however, we deem it necessary to consider.

In the course of the trial the court, over defendant's objection, admitted in evidence the testimony of Officer Cooley as to what transpired on the occasion of a visit made by defendant to his home, as follows: "We went into the house . . . and his wife and daughter were there, and his daughter says, 'Well, you don't need to tell us what you are here for,' or words to that effect. 'We already know about it.' Then Mr. Hartwell said he had to have bail or bonds, and asked his wife if she would go on his bonds. She said she didn't know whether she would or not. And they talked back and forth there about the bonds, and she said: 'You have been warned about this thing before now; you have been warned time and time again, and I do not believe in this thing of ruining little girls. I don't know whether I want to go on your bonds or not, as all I have got is this place.' She said, 'I never had a dollar of my own and you never gave me a dollar.'" In reply to which defendant said: "This is not any place to discuss that." "He says to his daughter, 'You get your mother to sign the bonds and get me out of jail.'"

In our opinion, the ruling constituted error. Statements of third parties made to or in the presence of one charged with the commission of a crime and tending to connect him therewith are admitted, not as of themselves constituting evidence of the facts stated, but to show what it is that calls for a reply; and where the statement is such that under the circumstances the accused, if innocent, should repudiate it, his remaining mute will constitute evidence of his admission of the truth of the statement made. (*People* v. *McCrea*, 32 Cal. 98; *People* v. *Philbon*, 138 Cal. 530, [71 Pac. 650].) Other than saying "this is not any place to discuss that," defendant made no reply to what his wife said. The word "that" might well be deemed to refer to her statement that she "never had a dollar of my own and you never gave me a dollar." Assuming, then, that she said "you have been warned about this thing before now," and that she did not believe in ruining little girls, neither statement constituted an accusation of doing anything which defendant was called upon to deny, and assuming further that by remaining mute he be deemed to have assented to all that his wife said, it at most would constitute an admission on his part of the truth of his wife's expressed belief and the fact that he had been warned against committing offenses of a similar character to that with which he was charged. Since, however, the statements made by the wife, if true, did not purport to in any manner connect him with the offense, his assent thereto could not be deemed evidence tending to prove his guilt. Nor, conceding the competency of evidence of prior lascivious acts, as held in *People* v. *Love*, 29 Cal. App. 521, [157 Pac. 9], can the admission that he had been warned, in the absence of evidence showing the occasion or reason therefor, be deemed evidence tending in any degree to prove that he was of a lascivious nature or that he had theretofore indulged in such acts. One entirely innocent of ever committing a crime might be warned against so doing; indeed, one of the chief purposes of education is the teaching of obedience to laws having their basis in the principles of morality which govern civilized people.

By reason of the nature of the case, the evidence so erroneously received was not only highly prejudicial, but the effect thereof on the minds of the jurors was no doubt greatly accentuated by the argument of the district attorney, based,

·not upon the defendant's acts and conduct, but upon this hearsay testimony of his wife. In his discussion of the case he laid great stress upon the fact that, as shown by the statements of the wife and daughter, they knew that defendant was given to the commission of acts like that with which he was charged. True, an objection to this line of argument was sustained, after which the district attorney again directed the attention of the jury to the fact that the wife said, "I do not believe in ruining little girls; you have been warned of this time and time again"; and closed by saying, "I am going to leave it to the jury to say what she meant." Our conclusion renders it unnecessary to consider other alleged errors.

The judgment and order are reversed.

Conrey, P. J., and James J., concurred.