[Crim. No. 2343. First Dist., Div. One. Nov. 15, 1945.]

THE PEOPLE, Respondent, v. BENTON H. BROWN, Appellant.

Joseph P. Lacey, George Olshausen and Harmon D. Skillin for Appellant.

Robert W. Kenny, Attorney General, David K. Lener and Miriam E. Wolff, Deputies Attorney General, Edmund G. Brown, District Attorney, and Andrew Bodisco, Assistant District Attorney, for Respondent.

WARD, J.—The information filed in this case charged in two counts a violation of Penal Code, section 286 (the crime generally referred to as sodomy), and also a violation of section 702 of the Welfare and Institutions Code alleged to have been connected in its commission with the first offense. Defendant was acquitted on the first count and convicted on the second. The latter set forth certain acts, based on the first count, which, according to the allegations, caused and contributed to the leading of an idle, lewd, dissolute and immoral life by a fourteen-year-old boy. The appeal is from the judgment, from an order denying a motion for a new trial and orders denying a motion to set aside the verdict and a motion in arrest of judgment. Only the judgment and the first designated order are appealable.

The minor boy testified that he had graduated from the high seventh grade in a junior high school but had run away from home about May 8, 1944, following which admittedly he maintained himself with money paid him for permitting acts of the character of those charged in the first count. On August 27, 1944, the boy was accosted by the defendant, a stranger, and requested to carry some packages. The boy acquiesced and was thereafter asked by defendant to "come up to my room." On the witness stand the boy related the details of a story which if it did not tend to show a violation of section 286 of the Penal Code, at least, if true, constituted a violation of Welfare and Institutions Code, section 702.

Appellant bases a claim of prejudicial error on (1) admission of hearsay testimony in relation to a complaint made by the boy subsequent to the offense; (2) the reception in evi-

dence of an accusatory statement after proof of denial by defendant; (3) admission of evidence tending to show alleged misconduct of defendant with other boys.

In sex cases generally, evidence consisting of a recital of the facts by a victim to a third party is a violation of the hearsay rule, but the fact that a complaint of the commission of the particular offense was made is admissible upon the theory that it is a spontaneous exhibition, without compulsion, of the victim's physical condition or mental attitude following the perpetration of an unusual and unnatural act. (*People* v. *Mayes*, 66 Cal. 597 [6 P. 691, 56 Am.Rep. 119]; *People* v. *Lee*, 55 Cal.App.2d 163 [130 P.2d 168].) The admissibility of such evidence depends upon the facts in each particular case. If the defendant on the trial attacks the sufficiency of the evidence upon the ground that no complaint was made by the alleged victim, then the People should be permitted to prove that a complaint was made, and it may be left to the trier of the facts to determine if such complaint has any evidentiary value under the circumstances disclosed.

If the People deem it necessary to introduce evidence of a complaint as tending to prove the truthfulness of the charge in the first count of the information, upon the theory that the victim may be an accomplice, then it has been said that such complaint must be recent to be considered as corroborative evidence. (*People* v. *Adams*, 14 Cal.2d 154 [93 P.2d 146]; *People* v. *Ewing*, 71 Cal.App. 138 [234 P. 917].) Expressions held as coming within the scope of the relative word "recent" are "at the earliest practical moment," "as soon as possible," "promptly," "immediately." Due consideration should be given to the opportunity to complain (*People* v. *Hubbell*, 54 Cal.App.2d 49 [128 P.2d 579]), to the age, sex and mentality of the victim and to the person to whom the complaint was made. There should also be considered the matter of whether the complaint was a voluntary statement or was obtained by the use of violence, threats (*People* v. *Ewing, supra*), artful coaxing or enticement. The attitude of the victim in making a complaint of the commission of one offense when in fact it develops on the trial that two distinct offenses were committed, is important in determining the relevancy and competency of the complaint. On motion for a new trial and on appeal another problem may be considered, namely, the acquittal on one charge and conviction upon the other.

In the present case the boy was fourteen years of age at the time of the commission of the offense; he had passed the seventh grade in school; he had sufficient ingenuity to build a rough shack to house himself for several months after he had run away from home, and he had devised a means —unfortunately immoral—of obtaining money to buy food. This condition continued for a period of over four and a half months. A physician specializing in psychiatry testified that the boy knew the difference between right and wrong. The offense in question was committed on the 27th day of August, 1944; the boy was apprehended a few days later as a delinquent and told a story upon which a complaint was filed alleging violations of Penal Code section 286 and Welfare and Institutions Code section 702, but no charge alleging an offense under section 288a was ever filed. On the trial the complainant related facts that would warrant a prosecution under the latter section. He *thought* he had told a specified member of the police the facts relating to section 288a. This was denied by the officer. The boy then claimed that he had related the matter to the district attorney a day or two before the trial. The admission of the fact of complaint to the prosecutor some two months later was too remote from the date of the alleged offense. Evidence of another offense committed as a part of or continuation of the crime charged may be admissible as part of the res gestae, but evidence of a conversation covering an offense not included in the information upon the theory of "making a complaint" of the offense charged is error.

In the present case the district attorney elicited the evidence that in addition to a violation of section 286 there had also been a violation of section 288a. The district attorney asked "did you tell any one what happened in the room?" Assuming that such evidence of an additional offense was admissible as part of the res gestae, and that the evidence of a "complaint" of the additional offense, though erroneous, would ordinarily be unimportant, it happens that in this case the question of the complaint of the additional offense was important as it developed that the official to whom the boy claimed he made a complaint of a violation of section 288a denied that any such complaint had ever been made. The veracity of the boy was a question for the jury, but if there is other error in the record that may be prejudicial it gives color to appellant's contention that the boy "made up his

story as he went along." With this background it is advisable to scrutinize the record for error that may be prejudicial.

At the time of the arrest of the defendant, the police officer accused him of committing sodomy upon the boy. The defendant denied the accusation. In *People* v. *Zoffel,* 35 Cal. App.2d 215, 223 [95 P.2d 160], it was said: "When an out of court accusation is made, it is not the accusation, but the conduct of the accused that is evidence, and the accusation is merely admitted to explain the conduct of the accused. Where the accused denies the accusation, the accusation should not be admitted at all, unless admissible on other grounds." (See, also, *People* v. *Teshara,* 134 Cal. 542 [66 P. 798]; *People* v. *Weber,* 149 Cal. 325 [86 P. 671]; *People* v. *Lee,* 55 Cal.App.2d 163 [130 P.2d 168]; *People* v. *Lapara,* 181 Cal. 66 [183 P. 545]; *People* v. *Albertson,* 23 Cal.2d 550 [145 P.2d 7], concurring opinion 581, 584; *People* v. *White,* 44 Cal.App.2d 183 [112 P.2d 60].)

Respondent call attention to the record as follows: "Q. Did this man say anything —— I will withdraw that —— MR. LACEY: Why don't you ask him if he denied this thing, to be fair? MR. BODISCO: I don't think that is admissible. MR. LACEY: It would be, to be fair. MR. BODISCO: Q. Did this man say anything in response to that? A. Yes, he denied it." Following the above the district attorney asked: "Did this man say anything else?" This was followed by an objection and a ruling permitting the evidence. Finally the police officer witness said: "I made the statement I couldn't understand what was the trouble with you kind of men who fool around with boys." The defendant, according to the witness, replied "Fellows like me should be shot." When the question—why do you men fool around with boys—and the answer are considered together, notwithstanding defendant's denial of the commission of this particular offense, it may be construed as an admission that the defendant had been fooling around with *other "boys."*

An accusation and a denial of guilt of an alleged offense are not admissible, but a denial followed by an admission of special facts or circumstances tending to prove guilt is relevant. For instance, an accused may deny the commission of a criminal offense but subsequently acknowledge that he was at the scene of the crime. The latter statement would be admissible but a denial followed by a confession that the accused was in fact a person of a specified

type, for instance, a sex pervert, would be error. Under our method of criminal procedure an accused is not convicted because he is a robber but only upon evidence of guilt of a robbery. ■■■ In this case no claim is made that the commission of other specified crimes would tend to prove intent, so that theory may be eliminated.

In *People* v. *Wyett*, 49 Cal.App. 289 [193 P. 153], this court held in a sodomy case that evidence of other acts committed upon other persons than the complaining witness constitutes evidence of a distinct crime. At page 292 the court said: "We are of the opinion that the error of the trial court in the admission of this evidence was sufficiently prejudicial to compel a reversal in the present case. The defendant was convicted upon the testimony of the prosecuting witness alone, whose evidence, while it would seem to be sufficient to uphold the verdict, was in some respects quite uncertain, and was doubtless strongly supported in the minds of the jury by the corroborating evidence as to similar acts of the defendant committed upon the person of the boy Menasco. We are, therefore, of the opinion that section 4½ of article VI of the constitution cannot be given application to the case at bar." (*People* v. *Singh*, 121 Cal.App. 107 [8 P.2d 898]; *People* v. *Hartwell*, 37 Cal.App. 799 [175 P. 21]; *People* v. *Asavis*, 22 Cal.App.2d 492 [71 P.2d 307]; *People* v. *Rogers*, 26 Cal.App.2d 371 [79 P.2d 404]; *People* v. *Huston*, 45 Cal.App.2d 596 [114 P.2d 607]; *People* v. *Adams*, 76 Cal. App. 178 [244 P. 106]; *People* v. *Bowen*, 49 Cal. 654.) Referring to cases of this general type, in *People* v. *Anthony*, 185 Cal. 152, 158 [196 P. 47] (involving a lewd and lascivious act), the court said: "Our rule confining the testimony to the crime charged in the information has only been relaxed so far as to permit testimony of similar conduct with the complaining witness." If the evidence was admissible on the section 286 charge, we are confronted with the fact that defendant was acquitted on that charge.

In the present case when the erroneously admitted evidence is disregarded, the evidence of the boy stands alone in support of the verdict of the jury. His evidence was not only "quite uncertain" (*People* v. *Wyett, supra*), but his veracity was questioned by the representatives of the People. In view of this and other evidence of the sordid details of this criminal offense (which need not be related here), it

appears that there was not only error but that it was prejudicial error.

The orders denying defendant's motion to set aside the verdict of the jury and motion in arrest of judgment are not appealable orders. The purported appeals therefrom are hereby dismissed. The appeal from the judgment of conviction and the order denying defendant's motion for a new trial are reversed and the cause remanded for a new trial.

Peters, P. J., and Ogden, J. pro tem., concurred.