[Crim. No. 4593. Second Dist., Div. Three. May 15, 1951.]

THE PEOPLE, Respondent, v. ROBERT B. COX, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant, Robert B. Cox, appeals from judgments of conviction of three counts of violations of section 288 of the Penal Code committed upon the person of his daughter, a child of 12 years. Trial by jury was waived.

Defendant contends that the evidence was insufficient to support the judgments; that the testimony of the prosecuting witness was contradictory, inconsistent, inherently improbable and uncorroborated.

We have examined the record and find the evidence more than ample to sustain the judgments. We do not deem

it necessary to repeat here the facts giving rise to the charges brought against the defendant. The alleged inconsistencies and contradictions in the child's testimony consisted of minor deviations in the stories told at the preliminary hearing and at the trial. ■ It is elementary that the credibility of the witness and the reconciliation of any discrepancies in the evidence are questions to be determined by the trier of the facts and its determination will not be disturbed on appeal where there is substantial evidence to support it. ■ The alleged contradictory statements here were not such as to render the child's story inherently improbable or unworthy of belief, and we find support in the evidence for the determination of the trial court. Defendant's contention that error was committed because the prosecuting witness' story was uncorroborated also is without merit. ■ There was some corroboration, although it is not necessary in a case of this type. (*People* v. *Carlson,* 73 Cal.App.2d 933 [167 P.2d 812].) The record shows that the trial judge was fully conscious of his grave responsibility and that he weighed the evidence understandingly and with great care.

The judgments are affirmed.

Wood (Parker), J., and Vallée, J., concurred.