[Crim. No. 2635. Civ. Nos. 9135, 9199. Third Dist. Oct. 30, 1957.]

THE PEOPLE, Respondent, v. CHARLES J. THURMOND, Appellant, and two connected appeals.

C. K. Curtright, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

PEEK, J.—As indicated in the titles, this opinion concerns three appeals by the defendant. Substantially the same issues are raised in each, primarily the present sexually psychotic condition of the defendant, hence in order to avoid what otherwise would be needless repetition and also in the interests of clarity and brevity, the court has consolidated them.

Defendant's present commitment stems from a conviction under an information charging numerous violations of section 288a of the Penal Code and a prior conviction under section 288 of that code. He pleaded not guilty to the substantive charges and denied the prior. Following trial before the court, he was found guilty as charged, but because of uncertainty as to the prior, the court found that to be untrue. Before the entry of judgment, a motion, supported by an affidavit of defendant's wife, was filed by his counsel, pursuant to section 5500 et seq. of the Welfare and Institutions Code, to adjourn the criminal proceedings and have the defendant declared to be a sexual psychopath. This motion was granted. At the hearing thereon, defendant was represented by counsel of his own choice, and evidence both oral and documentary was introduced. The matter was submitted, and on February 14, 1952, the court suspended the criminal proceedings, adjudged defendant to be a sexual psychopath and committed him to Mendocino State Hospital for the prescribed 90-day observation period. On May 19, 1952, pursuant to the recommendation of the superintendent of that institution, the defendant was committed to the Department of Mental Hygiene for placement in the state prison at San Quentin. No appeal was taken from that order. On May 20, 1952, the superintendent of Mendocino State Hospital filed an amended report wherein he again stated that defendant was a sexual psychopath and a menace to society and recommended that because defendant did not receive benefit from former treatment, he probably would not benefit from further treatment and hence the court should give consideration to sentencing the defendant to state prison where he would be removed from society and thereby no longer be a menace to the health and safety of others. On August 7 the court refused to modify its prior order.

Thereafter the defendant filed an "AFFIDAVIT AND MOTION FOR COURT ORDER" pursuant to the provisions of section 5519 of the Welfare and Institutions Code, seeking to have his sexual psychopathy readjudicated. On November 16, 1953, the court denied said motion. No appeal was taken from that order.

On March 24, 1955, defendant filed a like motion wherein he alleged that he was no longer a sexual psychopath, was not a menace to the health or safety of others and had benefited from his treatment. He requested that he be present at the hearing and have the opportunity to introduce evidence and interrogate witnesses. Pursuant thereto the court ordered the superintendent of the medical facility at Terminal Island to certify to the court his opinion as to defendant's condition and his recommendation as to further treatment. The report again diagnosed defendant's condition to be: ''Sex deviation, fetishism and homosexuality, accompanied by psychophysiological disturbance, compulsive behavior, and paranoid ideation.'' The report concluded that ''. . . this inmate has not recovered from his sexual psychopathy and that he is still a menace to the health and safety of others.'' On April 19, 1955, the court, without a formal hearing as requested by defendant, found the report of the superintendent to be true and ordered the defendant recommitted. It is that action which forms the basis of defendant's first appeal. (Crim. No. 2635.)

Thereafter on October 24, 1955, in accordance with and pursuant to the provisions of section 5519 of the Welfare and Institutions Code, the court on its own motion instituted proceedings for a redetermination of defendant's condition. In compliance with the order of the court dated November 3, 1955, Dr. M. R. King, Superintendent of the Vacaville Medical Facility, by Joseph Lorenzen, Correctional Classification Officer, forwarded to the court a progress report concerning the defendant. This report which was signed by eight staff members, concluded as follows:

''*Staff Recommendation*: Patient was seen by the staff on November 7, 1955, and it was their recommendation that patient has improved and is no longer a menace to society provided that intensive probation, supervision and continued psychiatric care be stringent conditions of his release.''

At the hearing defendant was present and represented by counsel appointed by the court. Two psychiatrists, Doctors Miller and Caulkins, examined the report and agreed with its conclusions. Dr. Toller, a third court appointed psychiatrist, made two independent examinations of the defendant and concluded as the result thereof that defendant was still a sexual psychopath and required further treatment. He testified that he considered defendant a questionable probationary risk; that he did not believe he would improve more quickly

outside the facility; that it would be for the best interest of the defendant that he continue with therapy; and that the safest and best type of care for him was institutional care such as he would receive at Vacaville. Any question of probation, Dr. Toller said, could be considered only if it entailed strict supervision, continued psychiatric treatment and additional restraint concerning the defendant's activities. Dr. Showstack, one of the signers of the medical facility report who had known the defendant for some time, testified that it was the intention of the staff that their report be considered as a recommendation under the provisions of section 5517, subdivision (b), of the Welfare and Institutions Code; that it was the position of the staff that defendant was somewhat improved but was not cured. After attending the hearings he testified that his opinion had changed and he then believed that defendant needed further institutional treatment; that defendant was not well enough to be released and recommended that he be recommitted.

Also pursuant to the court's order a report was filed by the deputy probation officer of Solano County. That officer related in his report, and at the hearing testified concerning his discussions with and observation of the defendant and his reasons for recommending that probation be denied. Also before the court at that hearing were numerous letters, many of which were in conflict and some of those favorable to him related to the period when the offenses occurred for which he had been committed. A fourth psychiatrist, Dr. McKeever, was appointed at defendant's request. Because he was unable to serve, Dr. Bromberg was appointed, also at defendant's request. He was of the opinion that defendant was a sexual psychopath but he did not believe that he was then a menace to society and could be released upon strict probationary terms such as were mentioned by Dr. Toller. At the conclusion of the hearing the court, on January 27, 1956, ordered the defendant returned to the Department of Mental Hygiene under the applicable prior order of commitment for an indeterminate period. This order is the basis of the second appeal. (Civ. No. 9135.)

Again, on August 3, 1956, the court on its own motion instituted further proceedings for a redetermination of defendant's condition. Pursuant to the request of defendant the court appointed Mr. Robert Knowlden who had formerly represented him as his attorney in the present proceeding. Thereafter Mr. Chester Caldecott was associated with Mr.

Knowlden for the hearing. The record of that proceeding shows that Dr. Showstack, a staff psychiatrist and one of those who signed the report, testified extensively to the procedure followed by the facility in arriving at its conclusion that defendant was still a sexual psychopath and a menace to society. Numerous psychological tests were made and evaluated by Doctors Schaefer, Berton and Sorensen. The report of the staff concluded: "This patient has not recovered from his sexual psychopathy and in the opinion of the Superintendent the person is still a menace to the health and safety of others." The conclusions of Dr. Stomel who was no longer connected with the facility at the time of the hearing were to the same effect. It further appeared that during the course of defendant's commitment, there was a question concerning an illicit relationship with another patient. No evidence was offered by defendant nor did he testify in his own behalf. At the conclusion of the hearing counsel for defendant submitted the matter on the record then before the court. The court, in its order, approved the report of the facility and ordered the defendant recommitted pursuant to the provisions of section 5519 of the Welfare and Institutions Code. It is this order which forms the basis of the third appeal. (Civ. No. 9199.)

At the outset it should again be noted that no appeal was taken by defendant from his conviction on all counts charged in the information nor from the original order of commitment, hence this court cannot now, as urged by him, consider the sufficiency of the evidence to support those conclusions. (*People* v. *Howerton*, 40 Cal.2d 217 [253 P.2d 8].) Defendant suggests, however, if his appeal in this regard be improper, that the court consider the same as a petition in habeas corpus. Again he is confronted with the well-established rule that habeas corpus may not be used as a substitute for an appeal. (*In re Berry,* 43 Cal.2d 838 [279 P.2d 18].)

The contention of defendant in appeal number 9135, that the report and recommendation of the superintendent was intended to be and did come within section 5517, subdivision (b) of the code and hence deprived the court of further jurisdiction to hold a psychopathy hearing is without merit. The record shows that the court acted in accordance with the procedure for recommitments provided under section 5519. It follows that the cases construing section 5517 and other

provisions of the code and relied upon by the defendant are not in point since in no way did those cases construe 5519, the applicable section in this case. (*People* v. *Gross*, 139 Cal. App.2d 607, 610 [294 P.2d 88].)

The further contentions of the defendant in appeal number 2635 that, as used in section 5519 the provision that after receipt of the superintendent's report ". . . the committing court may order the return of the person to the court for a hearing as to whether the person is still a sexual psychopath . . ." constitutes a mandatory directive to the court, and in appeal number 9135 that the report of the superintendent lacked certification and that the court erred in its conduct of the proceeding, do not warrant extensive discussion. Ordinarily an appellate court will review the action of the trial court as of the time it was rendered. However where, as in this case, the record shows that pending the appeal from the April 19, 1955, and the January 27, 1956, orders defendant was granted a subsequent hearing on August 3, 1956, on the same issue (his then sexual psychopathy) which was decided adversely to him, it cannot be said that he had been prejudiced. (See *International etc. Workers* v. *Landowitz*, 20 Cal. 2d 418 [126 P.2d 609].)

As previously noted, the court in instituting psychopathy proceedings for a redetermination of defendant's condition on its own motion on October 3, 1956, was proceeding pursuant to the provisions of section 5519 of the Welfare and Institutions Code. Thereafter a hearing was had at which the defendant was present and represented by counsel who, although appointed by the court, had previously represented him, and by an associate counsel. Medical testimony was introduced which supported the diagnosis and recommendation of the staff of the medical facility that defendant had not recovered from his sexual psychopathy and was still a menace to the health and safety of others. This evidence was in no way contradicted, nor in fact was any evidence introduced by the defendant in his own behalf, the matter having been submitted by counsel for defendant upon the evidence so introduced. Likewise no question was raised at the hearing concerning the procedure followed by the court. It necessarily follows that the August 29, 1956, order of the court recommitting defendant as a sexual psychopath, the primary issue in each proceeding, was amply sustained by the evidence.

The orders are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.