[Crim. No. 6654. Second Dist., Div. One. Dec. 16, 1959.]

THE PEOPLE, Respondent, v. GERALD EDWARD GARROW, Appellant.

Gerald Edward Garrow, in pro. per., for Appellant.

No appearance for Respondent.

SCOTT, J. pro tem.*—Defendant was charged with the crime of violating section 288 of the Penal Code and after trial by the court without a jury was found guilty as charged, having committed lewd and lascivious acts upon the body of a 9-year-old girl. Prior to this determination, his sanity was questioned by the court and after trial on that issue defendant was found to be sane. After his guilt was ascertained he was found to be a sexual psychopath and was committed to Atascadero State Hospital for a 90-day observation period. When he was returned from there, probation was denied and he was sent to state prison. From judgment of conviction defendant appeals. ■ He also attempts to appeal from the verdict, but no appeal lies therefrom. That attempted appeal is dismissed. (*People* v. *Goldstein,* 136 Cal.App.2d 778, 793 [289 P.2d 581].)

Although he was represented by counsel at the trial of his case, defendant appears in propria persona on this appeal and his protest is not fully understandable. We have, therefore, considered the entire testimony in the case and the procedural matters concerning which defendant may have intended to express some misgivings.

In June 1958 when a 9-year-old girl appeared at defendant's door selling Sunday papers, he invited her into the house, closed and locked the door, removed part of her clothing and his own, committed the lewd acts charged and later released her. When she saw her mother the child made a complaint

*Assigned by Chairman of Judicial Council.

to her that she had received mistreatment of a sexual nature. When defendant was arrested he admitted lewd acts committed on the child and the arousing of his own sexual desires. At the trial defendant denied committing the offense and denied admitting having done so.

 The fact that a complaint was made by the child concerning the defendant's wrongful acts was admissible upon the theory that it is a spontaneous exhibition, without compulsion, of the victim's physical condition or mental attitude following the perpetration of an unusual and unnautral act (*People* v. *Brown*, 71 Cal.App.2d 669, 672 [163 P.2d 85]) even though testimony concerning the details as then given, or the name of the person accused is inadmissible as hearsay. (*People* v. *Huston*, 21 Cal.2d 690, 694 [134 P.2d 758].) [3] In a prosecution under section 288 of the Penal Code defining the offense of which the defendant was convicted it is not required that the testimony of the complaining witness shall be corroborated. (*People* v. *Raich*, 26 Cal.App. 286, 287 [146 P. 907]; *People* v. *Andrus*, 159 Cal.App.2d 673, 681 [324 P.2d 617].) Nevertheless the fact that the child involved did make a complaint to her mother of the mistreatment she had received constituted corroboration of her testimony concerning defendant's wrongful acts. (*People* v. *LaMantain*, 89 Cal. App.2d 699, 703 [201 P.2d 598].)

The competency of the little girl to testify as a witness was carefully considered by the trial judge and his conclusion permitting her to testify was manifestly correct. The law is settled in California that whether or not a child under the age of 10 years is capable of (a) receiving just impressions of the facts respecting which the child is to be examined and (b) relating them truthfully is a question the determination of which rests in the sound discretion of the trial judge and in the absence of a showing of abuse of this discretion by the trial judge his decision will not be disturbed on appeal. In reaching this determination that the trial judge did not abuse his discretion this court has necessarily reviewed the entire record made by the witness including testimony concerning her own conduct and that of defendant as well as the voir dire examination. (*People* v. *Morcumb*, 28 Cal. App.2d 465, 467 [82 P.2d 714].)

 Although defendant made no objection at the trial to admission into evidence of testimony of the officers concerning statements by him, he now intimates that it was prejudicially erroneous for these statements to have been

admitted for some reason not disclosed in his brief. This protest is not well founded. Unless precluded for reasons not present in this case, whatever defendant says that is against his interest can be told at his trial by a witness to his admissions. (Code Civ. Proc., § 1870, subd. 2; *People* v. *Lindsey*, 90 Cal.App.2d 558, 565 [203 P.2d 572].)

The testimony of defendant at the trial as to events on the morning of the crime was in part a denial of wrongdoing and in part a claim that during the morning while performing certain usual duties and drinking three cans of beer he experienced periods of mental blankness.

▆ It was the exclusive province of the trial judge to determine the credibility of the witnesses and evaluate the testimony to determine the facts. (*People* v. *Alesi*, 169 Cal. App.2d 758, 762 [337 P.2d 838].)

The trial of the case, as shown by the record, was conducted with full consideration of the rights of defendant and evidence establishing his guilt of the crime charged was adequate and persuasive.

Judgment affirmed.

Wood, P. J., and Lillie, J., concurred.