[Crim. No. 7046. Second Dist., Div. Three. Oct. 19, 1960.]

THE PEOPLE, Respondent, v. JOHN EUGENE DE LA ROI, Appellant.

Harrison M. Dunham for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Douglas MacRae, Deputy Attorney General, for Respondent.

FORD, J.—The appellant was charged with the violation of section 288 of the Penal Code.[1] He waived his right to trial by jury. He was found guilty. Proceedings were thereafter had in accordance with the provisions of the law relating to sexual psychopaths. (Welf. & Inst. Code, § 5500 et seq.)

After a period of observation in the state hospital, the appellant was found to be a sexual psychopath. He was thereafter confined in the Atascadero State Hospital. (Welf. & Inst. Code, § 5512.) Ultimately, the superintendent of that hospital filed a report in which he stated his opinion that the appellant would not benefit by further care and treatment in the hospital and was not a menace to the health and safety of others. (Welf. & Inst. Code, § 5517.) He was then returned to the court, his motion for a new trial was denied, his application for probation was denied, and he was sentenced to imprisonment in the state prison for the term prescribed by law. The present appeal is from the judgment.

---

[1] That section is: ''Any person who shall wilfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in part one of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison for a term of from one year to life.''

The first contention of the appellant is that the evidence was insufficient to support the conviction. The child involved was 8 years old at the time of the alleged offense and at the time of her testimony. No objection to her competency as a witness was made upon completion of the voir dire examination or at any other time. She testified that the appellant was a neighbor and the incident occurred in his house when no one was present other than the witness and the appellant. He mentioned a doll. He touched her private parts with his hand for about 10 seconds, placing his hand inside of her shorts and panties. She then said, "Can I have the doll?" Her mother called her and she left. She told her mother about the incident.

The appellant testified on his own behalf. At the time of his testimony, he was 47 years old. On the day upon which the child said that the incident occurred, she came to his house, a boarding house where he had lived for about a month. She asked him if she might have a doll that was in the house. He told her that she could look at the doll but could not take it. The child pulled her dress out and suggested that he touch her. He said, "No." He did not touch her at any time. Her mother called her and she left. On cross-examination, he testified that he had been convicted of a felony on three occasions, two of the convictions being for burglary and one for grand theft.

In his attack upon the credibility of the child, the appellant makes reference to portions of the voir dire examination in which she said that she did not always tell the truth, that she did not know what happens to little girls who fail to tell the truth, and that she had never been punished for telling a lie. She did, however, say that she would not lie with respect to the matter before the court and that "you should always tell the truth." ▮▮▮ The credibility of the child was a matter to be determined by the trier of fact. (*People* v. *Wilder,* 151 Cal.App.2d 698, 704-705 [312 P.2d 425].) The trier of fact believed that she was telling the truth and that the appellant was not. The child's testimony clearly showed the commission of the offense charged. It was not inherently improbable. (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]; *People* v. *Hunter,* 158 Cal.App.2d 500, 505 [322 P.2d 942].) ▮▮ No corroboration of such testimony was required. (*People* v. *Sylvia,* 54 Cal.2d 115, 122 [4 Cal.Rptr. 509, 351 P.2d 781]; *People* v. *Garrow,* 176 Cal.App.2d 269, 271 [1 Cal.Rptr. 271]; *People* v. *Huston,* 156 Cal.App.2d 670, 672 [320 P.2d 175].)

 The determination of the trial court was founded upon substantial evidence and this court cannot disturb it. (*People v. Cox,* 104 Cal.App.2d 218, 219 [231 P.2d 91].)

The remaining contention of the appellant is expressed as follows: "Where the intent of the law is to cure and rehabilitate one who is alleged to be a sexual psychopath, the fact that he has been treated and discharged as allegedly cured should preclude the further imposition of a punitive sentence." As part of his argument, the appellant points out that he "spent sixteen months in the Atascadero State Hospital." He overlooks the nature of the proceedings under which he was so detained. "The sexual psychopathy law provides for separate proceedings of a civil nature for the purpose of protecting society against the activities of sexual psychopaths and at the same time affording a means whereby a person found guilty of a criminal offense may be aided by medical treatment." (*Thurmond v. Superior Court,* 49 Cal.2d 17, 20 [314 P.2d 6].) When such proceedings have run their course and have come to an end under the statutory provisions, the criminal proceedings are to be resumed. (*Russell v. Superior Court,* 172 Cal.App.2d 60, 62-63 [342 P.2d 389]; see *People v. Sylvia, supra,* 54 Cal.2d 115, 118 [4 Cal.Rptr. 509, 351 P.2d 781].) As stated in *People v. Wells,* 112 Cal.App.2d 672, at page 675 [246 P.2d 1023]: "When the sexual psychopath comes back to superior court it becomes the duty of the judge to go on with the case. It is within the discretion of the court to send the defendant to state's prison, even though the medical experts certify that he has recovered to such an extent as to no longer be a menace to the safety of others. Such discretion is to be exercised in view of the entire history of the case, and is properly committed to the conscience of the trial judge." No error has been shown.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.