[Crim. 7519. Second Dist., Div. Four. Apr. 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD J. BROOKS, Defendant and Appellant.

Harold J. Brooks, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

BURKE, P. J.—Defendant Harold Brooks, whose true name is Harold J. Brooks, was charged by an information filed by the District Attorney of Los Angeles County accusing him of the crime of incest in three counts and of the crime of violation of section 288 of the Penal Code in three counts. The public defender was appointed as counsel for defendant and he entered a plea of not guilty. Defendant personally and all counsel waived trial by jury, witnesses were sworn and testified on behalf of the People and defendant testified on his own behalf. The court found him guilty as charged in Counts II, IV and VI (violation of Pen. Code, § 288) and not guilty as to the counts charging incest (Counts I, III and V). Probation and sentence and determination of sexual psychopathy were continued. Doctors were appointed under the provisions of section 5504 of the Welfare and Institutions Code. On the date set for the hearing defendant was found to be a probable sexual psychopath and was committed to the State Hospital at Atascadero for a period of not to exceed 90 days. Subsequently a verified report of the superintendent of that hospital was received indicating that defendant could be benefited by treatment and he was ordered committed pursuant to section 5512 of the Welfare and Institutions Code to the State Hospital at Atascadero for an indeterminate period.

On September 15, 1960, pursuant to a letter from the superintendent of the hospital and on request of counsel for defendant, the sheriff was directed to return the defendant for further proceedings on September 29, 1960. On the latter date the matter was continued to October 6 at which time defendant's motion for a new trial was argued and denied and he was remanded to the custody of the sheriff who was ordered to return him to the State Hospital at Atascadero.

Thereafter, in propria persona, defendant filed a notice of appeal from the denial of the motion for a new trial under rule 31 of the Rules of Appeal permitting such an appeal where no judgment or order granting probation has been made but where the defendant has been committed pursuant to provisions of the sexual psychopathy law. (See *Thurmond* v. *Superior Court*, 49 Cal.2d 17 [314 P.2d 6].)

Defendant made an application for appointment of counsel on appeal in Division One of the Second Appellate District of this court to which consideration of this appeal had originally been assigned. That division made its own independent investigation of the record and determined that it would be neither advantageous to the defendant nor helpful to the court to have counsel appointed. The application was therefore denied. Thereafter the appeal of this case was transferred to this division. We have likewise determined that it would be neither advantageous to the defendant nor helpful to this division to have counsel appointed as a result of our own independent investigation of the record.

A memorandum purporting to be a brief was submitted on behalf of defendant raising the contentions that the evidence was insufficient to support the finding of guilt and that the testimony of the prosecuting witness was inherently improbable.

The evidence presented to the trial judge may be briefly summarized as follows: Sharon Brooks, 12 years old and in the seventh grade of junior high school, is defendant's oldest daughter. She testified that during the months of October and November of 1959 and January 1960 defendant committed certain acts upon her including acts and attempts to commit acts of sexual intercourse in the County of Los Angeles. Sharon and her two younger sisters lived with her father since the death of their mother five years previously.

Sharon testified that her father would call her into the living room and ask her to get in bed with him; that when she would refuse he would tell her to get in, pull the covers back for her, ask her to take her clothes off and then start pulling them off; her father was drunk on these occasions; on these occasions he would touch her private parts and her breast; on several occasions she screamed because the acts hurt her; on some of these occasions defendant would succeed, and on others would not succeed, in getting his private parts into Sharon's private parts.

A deputy sheriff testified concerning conversations had with defendant in which defendant first denied having committed the acts in question but later stated if they had occurred he did not remember them; that his memory fails because of a drinking problem. He acknowledged drinking to excess during which he asserted he suffered lapses of memory. He gave as an example waking up in a distant town and not knowing

how long he had been there and how he got there.

Defendant took the stand on his own behalf, denying that he had ever had sexual intercourse with his daughter. A medical report received in evidence giving the result of an examination of the child at Juvenile Hall indicated, ''Hymen intact. One index finger only can be inserted into vagina. No other lacerations, trauma, bruises, to vulva.''

Although there was no direct corroboration of the daughter's testimony one neighbor testified that during the early fall or late summer of 1959 in the early morning hours she heard one of the little girls in the Brooks house ''crying, sniffling.'' She heard this girl's voice say, ''Please, Daddy, don't do that no more. It hurts.'' This occurred around 2 o'clock in the morning. She never reported this to anyone but did talk to her daughter about it.

Before pronouncing judgment the judge stated he believed the prosecutrix appeared to be a truthful girl; that she testified in a frank manner and appeared to have related what she believed had occurred. In view of the medical report the court indicated it had a doubt only as to the charge of incest and therefore with respect to the counts charging incest the court resolved that doubt in favor of defendant and found him not guilty, but as to the remaining charges of violations of section 288 of the Penal Code it found defendant guilty.

On the motion for a new trial defendant also complained of his treatment at Atascadero (that he had been treated as though he had been found guilty of incest) and because he did not believe he could receive any further benefit at the hospital he desired consideration for a probationary program, neither of which matters were properly within the scope of the motion.

Defendant attacked the credibility of his daughter and asserts that if given an opportunity for a new trial he would be able to offer additional evidence showing that she was prejudiced against him primarily through her antagonism to several women whom the defendant had courted since the death of his wife. We are not permitted to go outside of the record. There is substantial support in the record for the determination by the trial judge. ██ Problems concerning the credibility of the witnesses and the reconciliation of any discrepancies in the evidence are questions to be determined by the trier of the facts. The trial court's determination will not be disturbed on appeal where there is substantial evidence to support it. (*People* v. *De La Roi,* 185 Cal.App.2d 469 [8 Cal.Rptr. 260] ; *People* v. *Koontz,* 171 Cal.App.2d 633

[341 P.2d 815] ; *People* v. *Cox,* 104 Cal.App.2d 218 [231 P.2d 91].)

The order denying the motion for new trial is affirmed.

Jefferson, J., and Balthis, J., concurred.