[Civ. No. 11465.   Third Dist.   Aug. 10, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. FLORENCE CORDOVA, Defendant and Appellant.

W. Austin Cooper, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Frank O. Bell, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

REGAN, J. — Florence Cordova and Roy Logan were jointly tried before a jury and found guilty of a violation of Health and Safety Code section 11500 (possession of heroin). The appeal of defendant Roy Logan from his judgment of conviction was decided by this court in a separate opinion filed on June 28, 1967. In a proceeding under section 3051, Welfare and Institutions Code, Florence Cordova was adjudged a narcotic addict within the meaning of that section and committed to the Director of Corrections for placement in the California Rehabilitation Center for the term prescribed by law. The criminal proceedings were ordered stayed as provided by said section 3051.

Appellant Cordova appeals from the judgment of the trial

court, not for the purpose of reviewing the commitment proceedings but seeking a reversal of her judgment of conviction. The People have moved to dismiss the appeal.

Section 1237 of the Penal Code is controlling in this situation:

"An appeal may be taken by the defendant:

"1. From a final judgment of conviction except as provided in Section 1237.5; a sentence or an order granting probation shall be deemed to be a final judgment within the meaning of this section; upon appeal from a final judgment the court may review any order denying a motion for a new trial, except when an appeal from an order denying a motion for a new trial has previously been finally determined in cases where the defendant has been committed for sexual psychopathy, insanity, or narcotics addiction.

"2. From an order denying a motion for a new trial, in cases where the defendant is committed before final judgment for sexual psychopathy, insanity, or narcotics addiction. Such an appeal shall be dismissed if while it is pending an appeal is taken under subdivision 1.

"3. From any order made after judgment, affecting the substantial rights of the party."

In the instant case, after the jury returned its verdict, the criminal proceedings were suspended and the appellant ordered committed to the California Rehabilitation Center. There was no final judgment of conviction. No appeal lies from a jury verdict. (*People* v. *Garrow,* 176 Cal.App.2d 269, 270 [1 Cal.Rptr. 271]; *People* v. *Hassen,* 144 Cal.App.2d 334 [301 P.2d 80].)

Appellant made no motion for a new trial, an avenue open to her which would have allowed appellate review. An order denying a new trial is expressly made appealable "in cases where the defendant is committed before final judgment for sexual psychopathy, insanity, or narcotics addiction." (Pen. Code, § 1237, subd. 2; sec Witkin, Cal. Criminal Procedure (1954) Appeal, § 695, p. 677.)

The judgment committing appellant to the California Rehabilitation Center is not a final judgment of conviction in the criminal proceeding. There being no final judgment of conviction entered, the appeal from such purported judgment must be dismissed. (*People* v. *Haxby,* 204 Cal.App.2d 791, 792 [22 Cal.Rptr. 803].)

We are aware of the holding in *People* v. *Juvera,* 214 Cal. App.2d 569, 571 [29 Cal.Rptr. 653], where the court found

that the defendant had given a proper though poorly worded notice of appeal and construed his notice as an appeal from the judgment of commitment as a narcotic addict, and entertained the appeal as such. Such holding has no application here. In his written argument in opposition to the motion of the Attorney General to dismiss the appeal, appellant's counsel states:

"Appellant has no objections relating to her commitment under Section 3051 of the Welfare and Institutions Code. Her purpose in filing the notice of appeal on July 5, 1966, was to obtain appellate review of the criminal conviction which resulted in her commitment."

Appellant's suggestion that we undertake a review of the criminal proceedings previously conducted in the superior court and subsequently stayed following the commitment of appellant to the California Rehabilitation Center as a narcotics addict is inappropriate. (Cf. *People* v. *Thurmond,* 154 Cal.App.2d 797, 799 [316 P.2d 721].) If there is any merit in appellant's attack on these criminal proceedings it may more suitably be developed by a motion for new trial in the criminal action. (Cf. *Thurmond* v. *Superior Court,* 49 Cal.2d 17, 21 [314 P.2d 6]; see *People* v. *Bennett,* 245 Cal.App.2d 10, 13 [53 Cal.Rptr. 579]; Witkin, Cal. Criminal Procedure (1954) Appeal, § 695, p. 676.)

We construe *Thurmond* v. *Superior Court, supra,* to permit the motion for new trial to be made during appellant's confinement in the California Rehabilitation Center.

The appeal from the purported judgment of conviction is dismissed without prejudice.

Pierce, P. J., and Friedman, J., concurred.