[Crim. No. 17772. Second Dist., Div. Two. May 25, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
CONRAD JOE O'LEA, Defendant and Appellant.

## COUNSEL

Julian J. Schamus, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Israel Butler, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HERNDON, J.**—Appellant challenges the validity of the order of the court below entered on October 3, 1969, declaring him to be a mentally disordered sex offender (hereinafter referred to as MDSO) within the meaning of the applicable provisions of the Welfare and Institutions Code and committing him for placement in an institutional unit for the treatment of such offenders in a facility of the Department of Corrections for an indefinite period.

We find no merit in appellant's contention that the trial court lacked jurisdiction to make the order of commitment because it was not made contemporaneously with either of two prior judgments convicting him of indecent exposure. We hold that appellant's repeated convictions of indecent exposure and his violation of the terms of probation granted him after such convictions by committing still another sex crime within the period of his probation provided a clearly sufficient legal basis for the proceedings culminating in the challenged order. We find no procedural error.

### Relevant Procedural History

On July 13, 1964, appellant pleaded guilty of violating Penal Code section 314, subdivision 1, indecent exposure, and admitted a prior conviction of the same offense in 1961 as alleged in the information. Doctors were appointed to determine whether appellant was an MDSO and criminal

proceedings were adjourned. In August of 1964, after MDSO proceedings which need not be detailed, appellant was returned to the court, criminal proceedings were resumed, and he was granted probation for six years upon the conditions, among others, that he pay a fine, obey all laws and cooperate in a plan for psychiatric and other treatment. No appeal was taken from this judgment.

In June of 1965, appellant again pleaded guilty to another charge of indecent exposure. Probation under the 1964 conviction was revoked and appellant was found a probable MDSO. Criminal proceedings were adjourned and appellant was committed to the Atascadero State Hospital for a 90-day period of observation. On his return from the hospital, pursuant to the report of the superintendent, the court found appellant to be an MDSO. He was committed for placement in the Atascadero State Hospital for an indeterminate period for the 1964 conviction to run concurrently with the 1965 conviction.

Appellant was returned to the court in December of 1966, upon certification by the superintendent of the state hospital under former Welfare and Institutions Code section 5517, subdivision (a). Criminal proceedings were resumed. Probation was granted for each conviction for a period of three years on the same conditions as those specified in the earlier grant of probation. No appeal was taken from either of these judgments or from the previous commitments.

Over two years later, in May of 1969, a hearing was held to determine whether or not appellant was in violation of probation in both cases as charged in the report of his probation officer. After hearing testimony from appellant's then 12-year-old niece, the court found that he had committed an act of child molestation in violation of probation and revoked same. Appellant again was found to be a probable MDSO and criminal proceedings were again adjourned. MDSO proceedings were then instituted. Doctors were appointed and a supplemental probation report was ordered. Pursuant to stipulation, the matter was submitted on the doctors' reports. The court found that appellant was a probable MDSO and again committed him to Atascadero State Hospital for a 90-day period of observation.

At the conclusion of the 90-day period appellant was returned to the court where his motion to vacate the order referring him for the 90-day observation period was denied. Appellant then waived his right to a jury trial on the issue of whether or not he was an MDSO. On the basis of the record and the report of the superintendent of the hospital that appellant was not amenable to treatment but was a danger to the health, safety and welfare of others, the court found him to be an MDSO and committed him

for an indefinite period to an institutional unit in a facility of the Department of Corrections.

*The Proceedings Leading To The Order Of Commitment From Which This Appeal Is Taken Are Civil In Nature And Collateral To The Criminal Proceedings In Which Appellant Was Convicted Of Indecent Exposure.*

■ Appellant contends that his commitment as a mentally disordered sex offender in 1969 was barred by the intervening lapse of time following his convictions of indecent exposure. He argues that the trial court had no jurisdiction to initiate MDSO proceedings except at a time substantially contemporaneous with his criminal conviction. In the alternative he argues that the "cause of action" constituting the necessary basis for his commitment arose from the criminal convictions and was barred by the statute of limitations.

As we have indicated, we find no merit in these arguments. Although conviction of a crime is a prerequisite to MDSO proceedings, there can be no serious question of the court's continuing jurisdiction in the factual and procedural context of the case at bench. While on probation after three criminal convictions appellant committed another sex crime clearly justifying the revocation of his probation.

The ensuing MDSO proceedings which resulted in the commitment challenged on this appeal were properly instituted on the basis of appellant's most recent criminal conduct and upon the new medical reports which provided abundant evidentiary support for the preliminary determination that he was a probable MDSO. In view of his prior convictions of indecent exposure, his subsequent act of child molestation, the reports of the psychiatrists, and the report of the superintendent of the state hospital, the legality and the reasonableness of the trial court's determination that appellant's confinement was necessary to the protection of society are beyond serious question.

The court retained jurisdiction over appellant since his probation was revoked for good cause during the probationary period. (Cf. *In re Griffin,* 67 Cal.2d 343, 349 [62 Cal.Rptr. 1, 431 P.2d 625]; *People* v. *Siegel,* 235 Cal.App.2d 522, 524 [45 Cal.Rptr. 530].) The fallacy of appellant's contentions becomes apparent from a reading of the recent decision of our Supreme Court in *In re Bevill,* 68 Cal.2d 854 [69 Cal.Rptr. 599, 442 P.2d 679]. ■ In that decision the civil nature of MDSO proceedings and their relationship to criminal proceedings are explained as follows at page 858:

"Conviction of a crime is prerequisite to commitment as a mentally disordered sex offender. (*In re Stoneham,* 232 Cal.App.2d 337, 340-341 [42 Cal.Rptr. 741].) But proceedings for commitment are civil in nature and are collateral to the criminal proceedings. (*Gross* v. *Superior Court,* 42 Cal.2d 816, 820 [270 P.2d 1025].) ■ A person committed as a mentally disordered sex offender is not confined for the criminal offense but because of his status as a mentally disordered sex offender. (*People* v. *Rancier,* 240 Cal.App.2d 579, 584-585 [49 Cal.Rptr. 876]; *In re Keddy,* 105 Cal. App.2d 215, 217 [233 P.2d 159].) The confinement is pursuant to a law the primary purpose of which is protection of society. (*People* v. *McCracken,* 39 Cal.2d 336, 346 [246 P.2d 913]; *People* v. *Levy,* 151 Cal. App.2d 460, 468 [311 P.2d 897].) ■ While a person is under such commitment, the criminal case against him is suspended. When the proceedings relating to commitment as a mentally disordered sex offender have run their course, the criminal case may be resumed and sentence imposed. (*People* v. *De La Roi,* 185 Cal.App.2d 469, 472 [8 Cal.Rptr. 260].)

The *Bevill* opinion reviews the various proceedings and the time intervals that may elapse between the statutorily prescribed steps that may be taken in the course of MDSO proceedings. It is obvious that the purposes of the statutory plan would be defeated if appellant's contentions were sustained. The salutory purposes of probation would likewise be frustrated.

### Appellant's 1969 Commitment Was Not Barred by the Prior 1965 Commitment and Discharge.

■ Appellant has argued that his 1965 commitment and his subsequent discharge amounted to a binding adjudication that he was not a mentally disordered sex offender and therefore constituted a bar to the subsequent institution of MDSO proceedings. He has offered neither authority nor logical argument for this contention. Neither res judicata nor the related doctrine of collateral estoppel is applicable. It is implicit in the statutory provisions for MDSO proceedings that the existence of the mental disease against which society is to be given protection and the cure of the patient suffering from the disease are determined by orders that are necessarily tentative in nature.

The factual issues determined in 1965 were different from those determined in the proceedings which led to the 1969 commitment. The issue in the 1965 proceedings was whether or not appellant should *then* be committed on the basis of the evidence of his mental condition *as it then existed.* The issue in the 1969 proceedings was whether *at the time of the hearings held therein* he was suffering from a mental disorder of such a nature that his confinement was necessary to the protection of society. The revocation of

appellant's probation in 1969 and the institution of the new proceedings leading to his latest commitment resulted from his most recent criminal conduct and not from his prior convictions. The evidence upon which his latest commitment was predicated was new and different evidence relating, not to his mental health as it existed in 1965, but rather as it existed in 1969.

Other arguments advanced by appellant are deemed not sufficiently substantial to require discussion.

The order under review is affirmed.

Roth, P. J., and Fleming, J., concurred.