[Crim. No. 9282.   Second Dist., Div. Four.   Mar. 13, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY ROBB SCHOLL, Defendant and Appellant.

Lawrence & Adelman and Ivan E. Lawrence for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert H. O'Brien, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was convicted by court trial of violation of sections 288 and 288a of the Penal Code, sexual offenses upon a female child 8 years of age. Defendant appeals from the order of the trial court denying a new trial. (Pen. Code, § 1237, subd. 2.)

Contentions on appeal are generally that (1) the child prosecutrix, by reason of inability to receive just impressions and to relate them truly, failed to qualify as a competent witness; that her testimony was uncorroborated with respect to the convicting acts; (2) the evidence was insufficient, assuming the child's competency as a witness, to support the judgment because (a) there was no expert testimony corroborating the child's testimony, (b) prosecuting witnesses contradicted the testimony of the child witness, resulting in a fatal lack of corroboration, (c) the child witness was inconsistent and contradictory in her testimony, (d) the child's testimony was conditioned through the mother's discussion, in the child's presence, of purported facts and circumstances of the alleged offenses; (3) the attempted impeachment of the mother as a coprosecutrix was prevented by the trial court and was error; (4) proffered new evidence on the motion for a new trial would probably have caused a different

result; and (5) the combination of the foregoing conditions, in view of the heinous nature of the offenses charged and the difficulty to defend against same, should, justly, require a new trial.

## I

Defendant strongly attacks the competency of the child witness. It is unnecessary to repeat the testimony tending to establish the credibility and competency of the child. ■ The provisions of section 1880, subdivision 2, of the Code of Civil Procedure, to the effect that "Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly" cannot be witnesses, were found inapplicable by the trial court. Such determination should not be disturbed on appeal where there is substantial evidence to support it. (*People* v. *Cox* (1951) 104 Cal.App.2d 218, 219 [231 P.2d 91].) ■ In determining abuse of discretion the entire record may be considered (*People* v. *Pike* (1960) 183 Cal.App.2d 729, 732 [7 Cal.Rptr. 188]), and conflicts in evidence and even testimony subject to suspicion will not justify reversal of a judgment otherwise based on adequate evidence. (*People* v. *Lease* (1961) 198 Cal.App.2d 383, 386 [17 Cal.Rptr. 796].) ■ The evidence is more than adequate in this case. In the essentially important testimony elicited from the child her statements are simple, clear and coherent. Authorities are abundant confirming the competency of child witnesses even of 5 and 6 years of age. (*People* v. *Burton* (1961) 55 Cal.2d 328 [11 Cal.Rptr. 65, 359 P.2d 433]; *People* v. *Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1]; *People* v. *Bernal* (1858) 10 Cal. 66; *People* v. *Pike, supra*, 183 Cal. App.2d 729; *People* v. *Carpenter* (1935) 3 Cal.App.2d 746 [40 P.2d 524].)

## II

The evidence was sufficient to support the judgment. There were no eyewitnesses to the exact sexual offenses, and no evidence of physical harm, nor other corroboration. ■ However, corroboration is not prerequisite to a conviction of a crime of this nature. (*People* v. *Sylvia* (1960) 54 Cal.2d 115, 122 [4 Cal.Rptr. 509, 351 P.2d 781]; *People* v. *Cox* (1951) 104 Cal.App.2d 218, 219 [231 P.2d 91].) ■ The apparent conflicts in the testimony about the times, places and circumstances related to the offenses, noted by defendant, are to be deemed to have been properly weighed by the

trial court. (*People* v. *Lease, supra,* 198 Cal.App.2d 383, 386; *People* v. *Goldberg* (1952) 110 Cal.App.2d 17, 22 [242 P.2d 116].) ▇ Stress is laid by defendant upon the child's failure to immediately complain to her mother. The complaint was made about four weeks after the first incident, but it included the second incident, which occurred about nine days before the complaint. However, the child testified that defendant threatened to kill her and her mother and she was scared. Such delay, under such circumstances, was not unreasonable nor the testimony too remote as a matter of law.

### III

Upon the motion for new trial, newly discovered evidence was asserted by defendant which consisted only of good character witnesses. There is nothing in the record nor in the argument of counsel to indicate that such form of evidence was unavailable at the time of trial. Counsel on appeal did not represent defendant at the trial but the trial judge was confronted with the issue of the probability of a different result in the event such additional evidence was before the court upon a new trial. ▇ (*People* v. *Nothnagel* (1960) 187 Cal.App.2d 219 [9 Cal.Rptr. 519].) Even facts not divulged to his trial counsel, if known at that time, would not warrant a new trial when divulged to new counsel, on the ground of newly discovered evidence. (*People* v. *Greenwood* (1957) 47 Cal.2d 819 [306 P.2d 427].)

### IV

▇ Defendant attempted to cross-examine the child's mother by inquiring if she had complained of advances made to her by various men. The court rejected the proffer. We think it was in error. It is well established that such cases as these are fraught with great danger, since the charge rests on the credibility of a child witness against the defendant's denial. ▇ Especially where, as here, there is a total lack of corroboration, a belated complaint by the child to her mother, and a marked inconsistency in her testimony, the courts must heed the admonition of our Supreme Court in *People* v. *Adams* (1939) 14 Cal.2d 154, 167 [93 P.2d 146]: "As a matter of practical observation to many judges who have presided over trials of this nature, it is plainly recognized that, notwithstanding the salutary rule that an accused is presumed to be innocent until his guilt has been established beyond a reasonable doubt, nevertheless, to the mind of the average citizen or juror, the mere fact that a person

has been accused of the commission of such an offense seems to constitute sufficient evidence to warrant a verdict of 'guilty'; and that—instead of its being necessary for the prosecution to prove his guilt beyond a reasonable doubt—in order to secure an acquittal of the charge, it becomes incumbent upon the accused to completely establish his innocence, and to accomplish that result not only by a preponderance of the evidence but beyond a reasonable doubt.'' Where, as in the instant case, the charge is of sexual misconduct with a child, the problem is intensified, since we are, as we shall point out, concerned with the reliability of not one but two prosecutrices. The child (the alleged victim) may, as we all know, be motivated by malice against the defendant, based on some real or fancied wrong in punishment, restraint, or the like. Against such false charges, the defendant's sole defense is evidence of bias and cross-examination to show bias. Again, the child may, without malice, be the victim of sexual fantasies. Psychiatric experience tells us that such fantasies are far from uncommon and that, at an age when reality and imagination are frequently indistinguishable, the charge of sexual abuse may flow from the fantasy and not from the reality. For this reason, in California, the child can be cross-examined as to other charges, against other men, of similar acts. (*People* v. *Hurlburt* (1958) 166 Cal.App.2d 334 [333 P.2d 82, 75 A.L.R.2d 500].)

In addition to the problems inherent in the testimony of the child herself, such cases usually involve, also, problems inherent in the testimony of a mother or other relative. Normally, it is from such a person that information of the alleged offense comes to the prosecution. But we know that, for some women, the normal concern for the welfare of their child may take an aggravated form. If the mother is abnormally oriented toward sexual conduct, and has an abnormal fear of and reaction to sexual relations, she may, quite unconsciously, build up, in her own mind, a quite innocent act or caress into a grievous wrong. Young children are especially suggestible. The inquiries put by such a mother to her daughter may, themselves, implant into the child's mind ideas and details which existed only in the fears and fantasies of the adult. Once implanted, they become quite real in the mind of the child witness and are impervious to cross-examination.

In addition, experience has shown that a mother may be motivated by actual malice, fear, retribution, retaliation,

jealousy, or other motives of her own toward defendant and either by design, or unintentionally, may have implanted in the child's mind, nonexistent details which convert an innocent act into a heinous one.

For the same reasons that require a broad freedom of exploration of the child's propensities to fabricate or to imagine sexual crimes, we think a defendant should be allowed to explore, within reasonable range, the possibility of similar propensities or motivation on the part of the adult from and through whom the charge to authority emanates in alleged crimes of this nature.

In the instant case, no witness corroborated the child's story; no physical evidence of molestation existed. Under these circumstances, it seems to us error to deny to the defendant a reasonable opportunity to explore the not impossible existence of such a morbid fear of sexual acts in the mind of the mother as to make the charge a creature of that morbidity.

Reasonable latitude in cross-examination is likewise indicated in a case, such as here, where four witnesses, none of whom was acquainted with defendant, testified that the reputation of the mother for truthfulness was not good. In such instances, the possibilities of fabrication are enormous and the resulting detriment to the accused is irreparable.

The order is reversed.

Burke, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 6, 1964.