[Crim. No. 3749. Fourth Dist., Div. One. Mar. 13, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
PROSPER ORVILLE FRANCIS, Defendant and Appellant.

## COUNSEL

Norbert Ehrenfreund, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**—Defendant, by indictment, was charged with six sex offenses, three offenses involving a boy named Angel Pena, age 11, in three counts, and three offenses involving a boy named Alfredo Boure, age 12, in three other counts; was tried by a jury which found him guilty of the offense of lewd and lascivious conduct involving Alfredo and not guilty of the other offenses; and appeals his conviction.

The offenses charged were lewd and lascivious conduct with a child under 14 years of age, sex perversion, and the infamous crime against nature; allegedly occurred on July 19, 1968; and took place in defendant's apartment with both boys present at the same time.

Angel Pena and Ralph Alcaraz, age 17, had been brought to San Diego from Mexico by defendant to enable them to obtain an education. The boys had been placed legally in defendant's custody. After the police learned of the alleged offenses, Angel Pena was returned to Mexico. Alfredo Boure was the only witness testifying to the alleged offenses. The trial court sustained objections to inquiries of Alfredo on cross-examination for the purpose of showing (1) he had told his teacher the reason Angel had to go home to Mexico was because they were in the defendant's apartment with some girls who were doing bad things and he, Alfredo, ran and told the police; (2) he had told Ralph Alcaraz he had done some things to some girls and hoped they did not tell their mothers because he was afraid the police would pick him up; and (3) he talked about homosexuals with Ralph Alcaraz. Defense counsel offered to prove the foregoing statements had been made. The trial court sustained objections to such proof. Thus, all inquiries and proof respecting the incidents involved in the foregoing statements were foreclosed. Defendant contends the ruling of the court constituted prejudicial error. We agree.

In sex cases "broad cross-examination of the prosecuting witness on prior sexual experience, fabrication and sexual fantasy should be

allowed" (*People* v. *Blagg,* 267 Cal.App.2d 598, 608-609 [73 Cal.Rptr. 93]; *People* v. *Scholl,* 225 Cal.App.2d 558, 562 [37 Cal.Rptr. 475]), and evidence tending to establish such is admissible. (*People* v. *Clark,* 63 Cal. 2d 503, 504-505 [47 Cal.Rptr. 382, 407 P.2d 294].)

 In ruling upon the objections to the inquiries in question, the trial judge, among other things, stated it did not "make any difference whether he [Alfredo] had prior sexual activities or whether he knows what it is"; and "I am not going to listen to any testimony of any previous incidents involving Alfredo Boure with girls or anybody else."

There was evidence which would have supported a conclusion Alfredo fabricated a story respecting the offenses alleged in the information because he was angry with defendant and with Angel Pena. He testified one of the reasons he told his mother about the incident was because he "got mad with Angel."

Alfredo's testimony afforded reasons for questioning his credibility as a witness. He testified the story he told the police officer was not the same story he told in court; he told the police officer some things that were not true; but he did not remember in what respect the story he told the police officer differed from the story he told in court, or what things he told the police officer that were not true. He did not remember whether he told his mother the truth, nor did he remember whether he told the district attorney some things that were not true. On direct examination he testified he reported the incident to his mother about four days after it occurred; on cross-examination he testified he reported the incident several weeks after it occurred, but did not know how many weeks; and when discussing the matter with the police officer he said he had reported the incident to his mother the day after it happened.

The verdict of the jury indicates apparently it did not believe Alfredo's testimony respecting at least one of the three offenses involving him and the three offenses involving Angel Pena. Proof of these four offenses, as well as the offense of which defendant was convicted, was dependent entirely upon acceptance of Alfredo's testimony. The refusal of the trial court to permit inquiry and proof of Alfredo's prior sexual experiences was error. In light of the foregoing circumstances, we conclude the error, weighed in light of the rule stated in *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243], is prejudicial.

After Alfredo's testimony revealed the story he told the police officer differed from the story he told in court, and showed a discrepancy with respect to the time he reported the incident to his mother, and his inability

to remember or his reliance upon a claimed inability to remember in response to questions he may not have wished to answer, and also after the offers of proof by defense counsel respecting prior sexual activities, defendant moved Alfredo be examined by a psychiatrist for the purpose of determining whether such an examination would develop evidence material to the issue of Alfredo's credibility as a witness. The trial judge expressed his belief the boy was telling the truth; when referred to the decision in *People* v. *Russel,* 69 Cal.2d 187 [70 Cal.Rptr. 210, 443 P.2d 794], which reversed a judgment of conviction because of his abuse of discretion in denying admission of psychiatric testimony material to the competency of the prosecuting witness in a sex case, stated: "I still believe it is up to the jury to determine whether the person is telling the truth, instead of having some psychiatrist come in, paid by the defense or paid by the prosecution, to tell the jury whether the boy is telling the truth"; indicated his attitude by a statement that in the *Russel* case another judge had appointed a psychiatrist when apparently "somebody brought in a paper and he signed it" and "in that case, strange as it may seem, Rubin [the psychiatrist] came in here and testified that Russel wasn't prone to commit such a crime, and yet when he came up to Psychiatric Ward on that hearing he said he was a sexual psychopath. So that is what I think about psychiatrists"; nevertheless, to satisfy counsel for defendant, appointed Dr. Lengyel to examine Alfredo; but, upon retort from the district attorney that "This boy has been under tremendous strain up to now. I am not sure just how much longer he is going to be able to take it before he ceases to be the alert, intelligent boy he is. I would hope that the Court would make every attempt to get his story while he is keyed up and before he cracks, and I don't know how much longer that will be," the trial judge made the following comment and order: "I don't want him to crack up. I have watched him sitting on the stand and he listens to the questions and he talks quite intelligently and he has not given one inconsistent answer as far as I can see. So I will deny the motion." Later in the course of the trial, following testimony of a psychiatrist called by the prosecution, defendant moved to appoint him to examine Alfredo and the court stated: "I will have him examined by this doctor." However, no examination was made. The trial judge referred to this fact in his instructions to the jury when he said: "Now ladies and gentlemen, I did forget one thing. There was a matter brought before you in the trial as to having a psychiatric examination on this boy. I didn't appoint a psychiatrist in this matter because I didn't think it was necessary. You folks listened to this boy on the witness stand for a day and a half and I have faith in the jury system and I feel that by listening to the boy for a day and a half you are in a better position to determine whether or not he is telling the truth than a psychiatrist examining him for a half an hour who came in and told us what he thought about it."

■ In sex offense cases a psychiatric examination of the prosecuting witness may be ordered for the purpose of ascertaining his mental and emotional condition as it may bear upon his credibility, if a compelling reason for such examination exists. (*People* v. *Russel, supra,* 69 Cal.2d 187, 193; *Ballard* v. *Superior Court,* 64 Cal.2d 159, 171-177 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].) Whether such an examination should be ordered is a matter subject to the exercise of judicial discretion by the trial court. (*Ibid.*) ■ Whether the evidence developed by such an examination is admissible for the purpose of showing the existence of a mental or emotional condition affecting the credibility of the witness also is subject to an exercise of judicial discretion by the trial court. (*People* v. *Russel, supra,* 69 Cal.2d 187, 196.) "When the court passes upon a motion for psychiatric examination of the complaining witness, the question before it is whether, in light of the totality of the circumstances revealed, it is necessary or proper that psychiatric knowledge in general be utilized in order to aid the trier of fact in its assessment of credibility." (*People* v. *Russel, supra,* 69 Cal.2d 187, 195.)

■ ■ In the case at bench, although the trial judge expressed his belief Alfredo was a credible witness, his decision to deny the motion, at least in part, was premised upon irrelevant factors. The extent to which these factors influenced the exercise of discretion is not determinable but appears to be of sufficient importance to dictate the conclusion the discretion exercised was not within the purview of the rule. The comments by the trial judge during the course of the discussion between court and counsel respecting the motion for an examination indicate he did not think very much of psychiatrists; he believed the jury which listens to a witness is more qualified to determine whether he is telling the truth than a psychiatrist who examines him for a half hour; and he did not understand the purpose of a psychiatric examination in the premises is not to determine whether, in the opinion of the psychiatrist, the witness is telling the truth in the case at bench but to determine whether or not the emotional or mental condition of the witness may affect his ability to tell the truth. (*People* v. *Russel, supra,* 69 Cal.2d 187, 196.) It is not the purpose of a psychiatric examination of the complaining witness in a sex case to provide the basis for an expert opinion "whether the witness was or was not telling the truth on a particular occasion." (*People* v. *Russel, supra,* 69 Cal.2d 187, 196.)

It is a matter of note the prosecuting attorney asked the court to "make every attempt to get his [Alfredo's] story while he is keyed up and before he cracks"; and the court, after stating he did not want the witness "to crack up," reversed his order appointing a psychiatrist, and denied defendant's motion seeking such appointment. It would appear the court con-

sidered the emotional and mental condition of the witness as a basis for denying rather than granting the motion for an examination.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.