Filed 7/7/15  In re Anthony R. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re ANTHONY R., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B254130 (Super. Ct. No. JV51795) (San Luis Obispo County) |
| THE PEOPLE, Plaintiff and Respondent, v. ANTHONY R., Defendant and Appellant. | |

Anthony R., a minor, appeals the judgment sustaining a juvenile wardship petition (Welf. & Inst. Code, § 602), with a finding that he committed a lewd act upon a child (Pen. Code, § 288, subd. (a)).[1]  We conclude, among other things, that:  1) substantial evidence supports the trial court's finding that he touched a child for the purpose of sexual gratification within the meaning of section 288, subdivision (a); 2) probation condition 7, which limits his association with children under the age of 12, should be modified to provide that he not knowingly associate with children in that age group; and 3) the trial court erred by imposing a maximum term of confinement.  We

---

[1] All further statutory references are to the Penal Code.

modify probation condition 7 and strike the maximum term of confinement. In all other respects, we affirm.

FACTS

In July 2013, Anthony R. was 16 years old. A.S. (also referred to as "the child") was a nine-year-old girl and Anthony R.'s cousin. On July 16, 2013, A.S. was at her grandmother's house. She went into Anthony R.'s room, sat down on the bed, and watched T.V.

Anthony R. came into the room and sat down on the bed next to her. A.S. testified Anthony R. kissed her and he "put his hands in [her] pants." The prosecutor asked her, "Can you tell us where he touched you." She said, "On my pee-pee." A.S. said her words "pee-pee" meant her "vagina." D.D., her mother, came into the room while A.S. and Anthony R. were "still on the bed." A.S. told her mother "he touched my vagina" and "he touched my pee-pee."

D.D. testified that "Anthony's door was cracked open." She looked in and saw "Anthony and [her] daughter laying on the bed." When she pushed the door open, Anthony R. "stood up, the blanket fell onto the bed and he kind of hiked his shorts up a little bit and sat at the computer. . . . He had to hike [his shorts] up a little bit, like they were down." Her daughter's "pants were unbuttoned" and her "shirt was pulled up." Her daughter told her that "he touched [her] pee-pee."

Deputy Sheriff Matthew Shields testified Anthony R. told him "that nothing happened." Anthony R. subsequently changed that "statement" and said the child "came on to him, tried to kiss him."

Deputy Sheriff Douglas Scotto testified he arranged for the child to have a "CAIT interview." This was an interview conducted by Tracy Nix, a specialist trained to interview children in these types of cases. Scotto watched on "closed-circuit T.V." to determine how the child responds to "open-ended and non-leading" questions.

The trial court admitted People's exhibit 4B, a transcript of a July 22, 2013, interview with the child. In this interview, Nix asked, "Okay, what happened?" The

2

child responded, "Um, somebody stuck their hands in my pants." Nix: "Who put their hands in your pants, sweetheart?" A.S.: "My cousin." Nix: "Your cousin? What's your cousin's name?" A.S.: "Anthony." Nix: "And, how old is Anthony? A.S.: "Sixteen."

Nix conducted a second CAIT interview with the child on September 30th. A.S. told her that Anthony R. had kissed her and touched her in incidents prior to July 16th. Her mother told her to tell Nix "everything."

Anthony R. testified that when he and A.S. were sitting on the bed, she threw a "blanket on herself and partially on [him]." A.S. kissed him and he scolded her for doing that. She tried to touch his leg. He did not touch her and he did not stick his "hand down her pants." Anthony R. said A.S.'s "pants were unbuttoned' and her shirt was "a little bit ruffled up." He said he was "sorry" for his "poor judgment." "I really shouldn't have left her inside of my room . . . ."

On November 14, 2013, the People filed an amended juvenile wardship petition alleging three "counts." In count 1, they alleged that between July 29, 2011, and July 28, 2012, Anthony R. committed acts against A.S. of penetrating a minor's "genital/anal openings by foreign object." (§ 289, subd. (h), a felony.) In count 2, the People alleged he also committed this offense against A.S. on July 16, 2013. In count 3, they alleged on July 16, 2013, he committed the crime of "lewd act upon a child" (§ 288, subd. (a) on A.S.).

In ruling on the petition, the trial court found there was insufficient evidence to support the allegations in counts 1 and 2. It said there was a lack of physical evidence. A.S. had "difficulty in court on this issue" and there was a lack of "corroborating evidence." It found there was sufficient evidence to sustain a finding on the allegations in count 3.

3

DISCUSSION

*Substantial Evidence*

Anthony R. contends the evidence is not sufficient to support the finding that he touched the child for purpose of "sexual gratification" within the meaning of section 288, subdivision (a). We disagree.

In deciding the sufficiency of the evidence, we must draw all reasonable inferences from the record in favor of the judgment. We do not weigh the evidence or resolve conflicts in the testimony. (*People v. Maury* (2003) 30 Cal.4th 342, 403.) We do not decide the credibility of the witnesses. These are matters exclusively within the domain of the trier of fact. (*Ibid.*; *People v. Scott* (1978) 21 Cal.3d 284, 296-297.)

Section 288, subdivision (a) provides, in relevant part, "[A]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ." "[A] statutory violation is said to occur when the defendant 'touches' a child under the age of 14 with the requisite specific intent." (*People v. Scott* (1994) 9 Cal.4th 331, 342-343.) This includes conduct "where the defendant fondles the victim's 'private parts.'" (*Id.* at p. 343.)

A.S., a nine-year-old girl, sat on the bed in Anthony R.'s room. She testified Anthony R. sat down next to her. She said that he "put his hands in [her] pants and kissed [her]." He kissed her "on" her "lips." Prosecutor: "Okay. And when you say 'put his hands in your pants,' did he touch you somewhere?" A.S.: "Yes." Prosecutor: "And can you tell us where he touched you." A.S.: "On my pee-pee." Prosecutor: "When you say 'pee-pee,' does that mean vagina?" A.S. "Uh-Huh." Prosecutor: "Does that mean 'yes' when you say 'uh-huh'?" A.S.: "Yes."

The child's statements are "clear and coherent." (*People v. Scholl* (1964) 225 Cal.App.2d 558, 561.) From this testimony the trial court could reasonably infer

4

Anthony R. committed a lewd act by kissing A.S. on the lips and touching her "private parts." (*People v. Scott*, *supra*, 9 Cal.4th at pp. 342-343.)

Anthony R. suggests the child's testimony, by itself, is insufficient to support the finding. But "California law does not require corroboration of the testimony of a child sexual abuse victim . . . ." (*People v. Harlan* (1990) 222 Cal.App.3d 439, 454.) "Nor is corroboration of a child's testimony a necessary element of proof in a prosecution for violation of section 288 of the Penal Code." (*People v. Morales* (1967) 254 Cal.App.2d 194, 199.)

The People contend the trial court could also draw reasonable inferences from the testimony of other witnesses about the lewd nature of Anthony R.'s acts and his consciousness of guilt. We agree. Anthony R. testified the child's "pants were unbuttoned," her shirt was "a little bit ruffled up," and she was under a blanket on his bed. The child's mother testified that when she came into the room, Anthony R.'s shorts "were down," he stood up, the "blanket fell onto the bed," and he "hiked his shorts up a little." From these actions in response to her entry, the court could reasonably infer he had a consciousness of guilt.

The child's mother also testified her daughter's "pants were unbuttoned" and her shirt "was pulled up." Evidence about the position of A.S.'s clothing corroborated A.S.'s testimony and supported the trial court's finding. (*People v. Davis* (2009) 46 Cal.4th 539, 607.) Anthony R. initially told Shields that nothing happened. He subsequently said A.S. "came on to him." The trial court could reasonably infer the change in his story during police questioning supported a reasonable inference that he had a consciousness of guilt. (*People v. Baldwin* (2010) 189 Cal.App.4th 991, 1006, overruled on other grounds in *People v. Black* (2014) 58 Cal.4th 912, 919.)

Anthony R. claimed A.S. initiated sexual contact with him by kissing him and trying to touch his leg. He told Shields that A.S. "came on to him." But "a trier of fact is permitted to credit some portions of a witness's testimony, and not credit others." (*People v. Williams* (1992) 4 Cal.4th 354, 364.) Consequently, the trial court could credit

5

the testimony that there were sexual advances and reject his claim that the child initiated it.

Anthony R. lists evidence he claims undermines the trial court's finding. But the issue is not whether some evidence supports his position, it is only whether substantial evidence supports the judgment. (*People v. Scholl*, *supra*, 225 Cal.App.2d at p. 561.) The trial court found A.S.'s testimony was not sufficient to support the allegations in counts 1 and 2 of the petition. But the insufficiency of the evidence on those allegations does not mean the court erred by ruling the child's testimony was sufficient to sustain count 3 of the petition. (*People v. Pilgrim* (1963) 215 Cal.App.2d 374, 378.) It is the appellant's burden to show that there was a lack of substantial evidence. He has not met his burden.

Anthony R. contends the trial court should not have made the finding sustaining the petition because A.S. was not credible, she was influenced by her mother, by adult interviewers, and there were evidentiary conflicts in the People's case. He claims there was a conflict between A.S.'s trial testimony and her CAIT interview. The conflict involves one interview statement that he touched her over her vagina and her trial testimony that he touched her both over and "inside" her vagina. But the child's credibility and the resolution of evidentiary conflicts were matters for the trial court. (*People v. Maury*, *supra*, 30 Cal.4th at p. 403; *People v. Scott*, *supra*, 21 Cal.3d at pp. 296-297.) "[C]onflicts in evidence and even testimony subject to suspicion will not justify reversal of a judgment otherwise based on adequate evidence." (*People v. Scholl*, *supra*, 225 Cal.App.2d at p. 561.)

Anthony R. suggests the trial court abused its discretion by not considering the evidence in his favor. But that is not the case. The court carefully evaluated the conflicting evidence and the child's credibility. It noted that the child's statements in the second CAIT interview about prior incidents involved "delayed disclosure." It found her testimony was not sufficient to support the allegations of counts 1 and 2. Regarding the July 16th incident, the court said there was conflicting testimony about "whether or not

6

[her] pants were down, or down a little or down at all," and conflicts about the "privacy" of Anthony R.'s room. It said A.S.'s mother showed "some bias." But it determined these matters and conflicts would not change the result. It found the child was credible and her account about what Anthony R. did on July 16th was "consistent" and it supported sustaining the petition on count 3. It said that the child "told her mother almost immediately after the incident that [Anthony R.] put his hand in her pants and touched her pee-pee," and that what the child told her mother was consistent with what she said to Nix in the July 22nd interview.

Anthony R. claims child witnesses sometimes are influenced by what adults say and by "interview techniques." But here Nix simply asked A.S. "Okay, what happened?" Without any hesitation or prodding, the child responded, "Um, somebody stuck their hands in my pants." When Nix asked who did it, without hesitation, she said it was Anthony R. As Scotto noted, these were "open-ended and non-leading" questions, not the type that would be suggestive to the child. Moreover, the trial judge was in the best position to determine if the child was subject to the influences of others when she testified. Its favorable credibility finding about the child's testimony showed it determined she was not subject to such influences when she testified about the facts involving count 3. That credibility finding was also a rejection of Anthony R.'s testimony and his claim that he did not touch the child's private parts. The evidence is sufficient.

*Probation Condition 7*

Anthony R. notes that he is subject to probation condition 7. It provides that he "shall not associate" with "children under the age of 12 . . . unless supervised by a parent, guardian or other adult approved of in advance by the parent and the Probation Officer." The trial court made an exception to this condition for association with "male relatives w/parental & guardian consent."

Anthony R. claims this condition is "unconstitutionally" vague because: 1) it does not "specify the scope of the 'supervision' to be performed by the adult who is

7

approved or authorized by the probation officer and parent," and 2) it fails to provide that the condition only applies to his *knowing* association with children in this age group.

"""'In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety . . . .""" (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1152.) "This discretion is broader in juvenile than in adult criminal cases." (*Ibid.*) A condition may be challenged as vague or overbroad. (*Id.* at p. 1153.) Some conditions which touch upon constitutional rights may be valid for juveniles if they are "tailored specifically to meet the needs" of the minor. (*Ibid.*)

Here Anthony R. committed an offense against a child who was under the age of 12. The trial court has authority to limit his association with children in that age group and to impose an adult supervision requirement. The term "supervision" in this context is not ambiguous or unusual. "Juveniles are deemed to be more in need of guidance and supervision than adults . . . ." (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033.) "When a minor is adjudged a ward of the court under section 602 the court must place the care, custody and control of the minor under *the supervision* of the probation officer." (*In re Robert M.* (1985) 163 Cal.App.3d 812, 815, italics added.) "When such ward is placed under the supervision of the probation officer '[the] court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'" (*Ibid.*)

The present condition was tailored specifically to meet Anthony R.'s needs. Adult supervision would discourage any temptation to make sexual advances to children he might meet. The trial court recognized that the probation officer and the parents might not be available at all times to supervise his interactions with children. It could not predict in advance the full extent of such potential interactions. Consequently, it properly gave the parents and the probation officer the flexibility to determine which adult would oversee Anthony R.'s association with younger children and to set the conditions for that supervision. It was not required to define every element of supervision that might arise in

8

Anthony R.'s future interaction with children.  (*In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1155.)  It properly left that to the discretion of his parents and the probation officer so they could determine the proper scope of supervision for the particular circumstances. (*In re Frank V.* (1991) 233 Cal.App.3d 1232, 1243 [juvenile court may "rely on the discretion of [the minor's] parents, and the probation department acting as parent, to promote and nurture his rehabilitation"].)  There was no error.

But Anthony R. and the People agree that condition 7 should not subject him to a probation violation for associating with children he does not know to be under the age of 12.  They are correct.  "[A]n explicit knowledge requirement is necessary to render the condition constitutional."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.)

In *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436, the court decided the validity of a similar condition which prohibited the defendant from associating with people in a certain age group.  It said, "A person may reasonably not know whether he or she is associating with someone under the age of 18.  Fair notice . . . is not possible unless the probation condition is modified to require that defendant must either know or reasonably should know that persons are under 18 before he is prohibited from associating with them."  (*Ibid.*)  Consequently, probation condition 7 must be modified to add the language that Anthony R. may not associate with children "*he knows or reasonably should know to be under the age of*" 12.  (*Ibid.*)

*Imposing a Maximum Period of Confinement*

Anthony R. contends the trial court erred by imposing a "maximum period of confinement" of seven years because he was placed on home probation in the custody of his parents.  The People agree.  They are correct.

Where, as here, a minor is not removed from his parent's "physical custody" and is placed on home probation, the juvenile court should not enter a maximum period of confinement.  (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.)  If it does, the appellate court should strike the "maximum confinement term."  (*Id.* at p. 542.)

9

DISPOSITION

We modify the language of probation condition 7 to require that Anthony R. may not associate with children he knows or reasonably should know to be under the age of 12.  The maximum term of confinement is stricken.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____


Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.